UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| MASSACHUSETTS BAY INSURANCE COMPANY, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-1552 (VLB) |
| GERALDINE BAILEY, | : | |
| Defendant. | : | July 25, 2007 |

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [Doc. #32]

The plaintiff, Massachusetts Bay Insurance Company ("MBIC"), commenced this action against the defendant, Geraldine Bailey, seeking to enforce its rights under an indemnity agreement between the parties. MBIC now moves the court for partial summary judgment, requesting Bailey specifically perform under the agreement to the extent she post $165,000 collateral with MBIC and reimbursement of costs and fees associated with enforcing MBIC's rights under the agreement in the amount of $21,810.97.[1] For the reasons hereinafter set forth the motion is GRANTED.

On April 7, 2004, the Connecticut Court of Probate appointed Bailey administratrix of her grandson's estate. On December 4, 2004, Bailey executed an application for a surety bond and submitted it to MBIC which thereupon issued a bond in the amount of $165,000 to protect her grandson's estate against her

---

[1]MBIC amended its complaint on February 28, 2007, to include additional claims and enumerated costs incurred. Those additional claims are not before the court in deciding this motion for summary judgement.

breach of fiducial duty.  The application includes an indemnity agreement, signed by Bailey pursuant to which Bailey agreed:

> 2) to completely INDEMNIFY [MBIC] from and against any liability, loss, costs, attorney's fees, and expenses whatsoever which [MBIC] shall at any time sustain as surety on this bond or any other bond, or for the enforcement of this agreement...
>
> 5) upon demand by [MBIC], to deposit current funds with [MBIC] in amount sufficient to satisfy any claim against [MBIC] by reason of such suretyship.

[Dkt. #33, Ex. C, D]

In June 2006, the probate court appointed a replacement administrator for the estate because Bailey failed to provide a proper accounting of the assets of the estate.  On June 22, 2006, the replacement administrator notified MBIC of a claim against the surety bond for the entire $165,000.  MBIC informed Bailey of the claim and requested she post collateral as specified in the indemnity agreement.  After Bailey failed to post collateral, MBIC commenced this action on October 3, 2006.

On February 20, 2007, MBIC filed the within motion for summary judgment asking the court to 1) grant specific performance of Bailey's agreement to post the required $165,000 collateral, and 2) reimbursement of $21,810.97 in enumerated costs and fees allegedly incurred to enforce MBIC's rights under the indemnity agreement.  [Dkt. #32]  Bailey filed a response on March 30, 2007 in which she did not address or contest any of MBIC's factual assertions.  Instead, Bailey merely claimed without substantiation that she did not breach her fiduciary duties as she spent the assets of the estate for the beneficiaries of her

grandson's estate.  [Dkt. #58]

Summary judgment is appropriate only when "the peladings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'"  Bouboulis v. Transp. Workers Union of Am., 442 F.3d 55, 59 (2d Cir. 2006) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party bears the burden of showing that no genuine issues exist as to any material facts.  See Celotex Corp. V. Catrett, 477 U.S. 317, 323-25 (1986).  If the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of [its] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  When the opposing party fails to submit a response to the motion, the court may accept the moving party's factual assertions as true.  See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in [the moving party's 56(a)1] statement will be deemed admitted unless controverted...").   However, where a party is proceeding *pro se*, the court interprets the *pro se* party's papers broadly to raise the strongest arguments suggested therein.  See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007).

MBIC successfully carries its burden by showing there are no issues of

material fact regarding the indemnity agreement.  On its face, the agreement provides for Bailey to post collateral in an amount equal to any claim against the bond and reimburse MBIC for any costs associated with enforcing its rights under the agreement.  In a dispute regarding the terms of a contract, summary judgment may be granted where the agreement's language is unambiguous.  <u>Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan</u>, 7 F.3d 1091, 1094 (2d Cir. 1993).

Bailey fails to plead any facts or raise any opposition to MBIC's claims for partial summary judgment.  She does not contest signing the agreement, the terms and conditions of the agreement or MBIC's interpretations thereof.  Bailey's vague assertions as to how the estate's funds were spent are irrelevant to this action and can not be construed as raising any issues of fact material towards construction or enforcement of the indemnity agreement.

Based on the foregoing MBIC's motion for partial summary judgment must be GRANTED.  Bailey is required under the plain language of the indemnity agreement to post collateral in the amount of $165,000 and indemnify MBIC for costs and fees associated with enforcing its rights under the agreement in the amount of $21,810.97.

The court recognizes that the fees and costs of which MBIC is entitled to be indemnified accrue so long as Bailey's failure to make a full and proper accounting continues, thereby leaving MBIC no recourse other than to litigate this action and participate in the probate proceeding.  Therefore this order is without prejudice to the right of MBIC to request an increase in its security or to

Bailey's right to object thereto.

IT IS SO ORDERED.

_____/s/_____

Vanessa L. Bryant

United States District Judge


Dated at Hartford, Connecticut: July 25, 2007.